1
2
3
4
5
6
7
8

Lᴇᴡɪꜱ
ᴀɴᴅ
Rᴏᴄᴀ
LLP
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169-5996
Facsimile No. (702) 949-8321
Telephone: (702) 949-8320

Rob Charles NV State Bar No. 006593
E-mail:  rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

ORRICK, HERRINGTON &  SUTCLIFFE LLP
MARC A. LEVINSON (CA Bar No. 57613) pro hac vice
JEFFERY D. HERMANN (CA Bar No. 90445) pro hac vice
400 Capitol Mall
Sacramento, California  95814
Telephone:  (916) 447-9200
Facsimile: (916) 329-4900
Email:       malevinson@orrick.com

Attorneys for the Post-Effective Date DTDF

SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
Michael H. Ahrens (CA 44766, pro hac vice)
-and-
BULLIVANT HOUSER BAILEY PC
Georganne W. Bradley (NV 1105)
3883 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone: (702) 669-3600
Facsimile: (702) 650-2995
Email: georganne.bradley@bullivant.com

Attorneys for Petitioning Creditors Compass Financial Partners LLC
and Compass USA SPE LLC

BECKLEY SINGLETON, CHTD.
BOB L. OLSON (NV Bar No. 003783)
ANNE M. LORADITCH  (NV Bar No. 008164)
530 Las Vegas Boulevard South
Las Vegas, NV  89101
Telephone: (702) 385-3373
Facsimile: (702) 385-5024
Email       bolson@beckleylaw.com
               aloraditch@beckleylaw.com

GREENBERG TRAURIG, LLP
Bradley N. Boodt  (NV Bar No. 5228 )
3773 Howard Hughes Pkwy.
Suite 500 North
Las Vegas, Nevada 89109
Telephone:  (702) 792-3773
Fax:  (702) 792-9002
Email: boodtb@gtlaw.com

Attorneys for Petitioning Creditor Nevada State Bank

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**JOSEPH D. MILANOWSKI,**<br><br>Debtor. | Case No. BK-S-07-13162 LBR<br><br>(Chapter 11) Involuntary<br><br>**Amended Joint Pretrial Order**<br><br>Pretrial:   July 27, 2007<br>Time:        9:30 a.m. |

{00412741;}
OHS West:260280328.1

-1-

Following pretrial proceedings in this cause,

# I.    STATEMENT OF THE CASE

## A.    Nature of the Action

The USACM Liquidating Trust (the "USACM Trust"), USA Capital IT IS

ORDERED:

Diversified Trust Deed Fund, LLC ("DTDF"), and Nevada State Bank ("NSB"),

filed their involuntary bankruptcy petition against Joseph Milanowski ("Debtor") or

("Milanowski") on May 29, 2007 and thereafter, NV Hesperia Investors, LLC

("Hesperia") filed its joinder on June 29, 2007 and Compass SA SPE LLC and Compass

Financial Partners LLC ("Compass") (collectively the USACM Trust, DTDF, NSB,

Hesperia and Compass are "Petitioning Creditors") filed its joinder on July 3, 2007.

Debtor filed his amended answer on July 17, 2007 pursuant to the Court's

stipulated Discovery Plan and Scheduling Order entered on July 13, 2007.

## B.    Contentions of the Parties

### 1.    USACM Trust

The USACM Trust is the servicer with respect to three loans, as successor to

USACM and as described below.

Geoffrey L. Berman, Trustee of the USACM Trust, personally met with Scott Bice

of the Mortgage Lending Division of the State of Nevada as well as MLD counsel.  With

MLD consent, USACM and the USACM Trust sought and this Court entered the Order

Granting Second Joint Motion For Order For Implementation Of Confirmed Plan on

March 5, 2007 (the "Second Order").  That order provides in paragraph 5 that the USACM

Trust is authorized to service the specific loans for which that responsibility was

subsequently transferred under the Plan, without otherwise complying with MLD or

Escrow Licensing requirements of the State of Nevada.  The Trust nevertheless provides

Mr. Bice with informal reporting on the status of loan collections as a courtesy on the following loans:

**Placer Vineyards 1 Loan**

The Placer Vineyards first loan ("Placer 1") is owed by Placer County Land Speculators, LLC ("Placer") to about 343 investors. Placer 1 was originated on December 10, 2004 and matured on June 20, 2006. The loan is evidenced by a Promissory Note Secured by a Deed of Trust dated December 10, 2004, with an original principal amount of $27,500,000, which could be increased by future advances to $31,500,000, as thereafter modified.

Interest accrues at the non-default rate of 12.5%. Upon default, interest accrues at the default rate of 20% per annum. In addition, there is a late charge of 5% of any sum that is past due under the Note. The Loan has been in default for some time due to failure to make payments and maturity of the Loan without repayment.

The USACM Trust has made demand upon Placer for repayment of the Placer 1 Loan. No payment has been received.

**Placer Vineyards 2 Loan**

The Placer Vineyards second loan ("Placer 2") is owed by Placer to about 118 investors. Placer 2 was originated on December 10, 2004, and matured on June 20, 2006. This loan is evidenced by a Promissory Note Secured by a Deed of Trust dated December 10, 2004, with an original principal amount of $6,500,000.

Interest accrues at the non-default rate of 16%. Upon default, interest accrues at the default rate of 20% per annum. In addition, there is a late charge of 5% of any sum that is past due under the Note. The Loan has been in default for some time due to failure to make payments and maturity of the Loan without repayment.

The USACM Trust has made demand upon Placer for repayment of the Placer 2 Loan. No payment has been received.

According to the business records of the Trust, the outstanding balance of Placer 1 and 2 are as follows (assuming no payments are received before the end of the current month):

|  | Placer Vineyards 1st | Placer Vineyards 2nd |
|---|---|---|
| **As of 7/31/2007** |  |  |
| Principal | $31,500,000.00 | $6,500,000.00 |
| Regular Interest | $7,616,342.82 | $1,990,158.68 |
| Default Interest | $4,590,002.88 | $499,767.00 |
| Late Fees | $281,656.01 | $76,260.86 |
| Other Fees |  |  |
| **Total** | **$43,988,001.71** | **$9,066,186.54** |

The USACM Trust holds an Unconditional Guaranty executed by Thomas A. Hantges ("Hantges") and Milanowski of the obligations of Placer on Placer 1, which was acknowledged on December 14, 2004.

The USACM Trust holds an Unconditional Guaranty executed by Hantges and Milanowski of the obligations of Placer on Placer 2, which was acknowledged on December 14, 2004.

The USACM Trust has made demand upon the guarantors, including Milanowski, for repayment of the Placer 1 and 2 Loans and has not received any payment.

**USA Investors VI, LLC aka Hotel Marquis (or Hotel Zoso) Loan**

USA Investors VI, LLC, a Nevada limited liability company ("Investors VI") is obligated to certain direct Lenders represented by the USACM Trust as servicer pursuant to, among other things:

o    Construction Loan Agreement dated as of March 29, 2004

o    Promissory Note Secured by Deed of Trust dated March 29, 2004, in the original principal amount of $10,466,000.

Pursuant to a Loan Extension Agreement dated as of February 5, 2006, the maturity date of the loan was extended to March 29, 2006.  The Loan has been in default for some time due to failure to make payments and maturity of the Loan without repayment.

Interest accrues at the non-default rate of 13%.  Upon default, interest accrues at the default rate of 20% per annum.  In addition, there is a late charge of 5% of any sum that is past due under the Note.

The USACM Trust has made demand upon Investors VI for repayment of Loan. No payment has been received.

According to the business records of the Trust, the outstanding balance of the Loan is as follows as of July 31, 2007 (again assuming no payments are made before the end of the month):

**Marquis Hotel**
**As of 7/31/2007**

| | |
|---|---|
| Principal | $13,500,000.00 |
| Regular Interest | $5,854,196.19 |
| Default Interest | $3,970,240.97 |
| Late Fees | $464,164.48 |
| Other Fees | |
| **Total** | **$23,788,601.64** |

Investors VI is a debtor in a chapter 11 business bankruptcy case pending in the United States Bankruptcy Court for the District of Nevada, Case No. 07-12377, consolidated with a prior involuntary case no. 06-13925.

On July 16, 2007, Investors VI filed Debtor's Motion For Order (i) Approving Sales Protections To APHM Zoso, LLC, a Delaware Limited Liability Company, As Provided For In Agreement For Purchase And Sale Of Real Estate (And Joint Escrow Instructions); (ii) Approving Procedures For Soliciting Higher And Better Offers, And Determining Highest And Best Offer; (iii) Setting Hearing To Select Highest And Best Offer, And To Approve Sale Of Assets And The Assumption And Assignment Of Leases And Executory Contracts; And (iv) Granting Other Relief And Preliminary Report Of

Marketing ("Sales Procedures Motion").  The Sales Procedures Motion and exhibits thereto represent that the purchaser will acquire the collateral for the Investors VI Loan for $25,117,500 in cash plus other consideration.  It would appear that there is sufficient consideration in this offer, if approved by the Court and if the transaction closes on the terms stated, to pay the Investors VI Loan in full.  However, bankruptcy counsel for Investors VI has suggested that Investors VI may have no obligation to pay Default Interest to the Trust under certain circumstances, which assertion the USACM Trust disputes.

The USACM Trust holds an Unconditional Repayment and Completion Guaranty executed by USA Investment Partners, LLC ("USAIP"), Hantges and Milanowski of the obligations of Investors VI, which was acknowledged on March 26, 2004.

The USACM Trust has made demand upon the guarantors, including Milanowski, for repayment of the Investors VI aka Hotel Marquis (now Hotel Zoso) Loan and has not received payment.

**Other Claims:**

**Milanowski Receivable**.  Mesirow Financial Interim Management investigated the books and records of USACM and caused schedules of assets to be filed.  USACM's schedules filed June 23, 2006 [Docket No. 784] reflect that Milanowski owed USACM $7,097.50 as a shareholder account receivable.  No payment has been received to date.

The USACM Trust owns each of the claims described in this pretrial order pursuant to the terms of the confirmed Plan, made demand on Hantges and Milanowski for repayment; and has  not received any payment or response.

## 2.    DTDF

DTDF owns 100% of the 10-90 loan, which is a non-performing loan with a principal balance of $55,113,781 and accrued interest of tens of millions of dollars.

The primary loan transaction documents for the 10-90 Loan are as follows:

***The "USAIP Loan Documents"***

a.      Loan Agreement dated as of April 10, 2002, between USA Investment Partners, LLC ("USAIP"), as borrower, and 10-90, Inc., as lender (as amended by the First Amendment referred to below, the "USAIP Loan Agreement")

b.      Promissory Note dated as of April 10, 2002, made by USAIP as borrower in favor of 10-90, Inc. as lender (as amended by the USAIP First Amendment referred to below, the "USAIP Note");

c.      Guaranty dated as of April 10, 2002, in favor of 10-90, Inc. as lender given by Joseph A. Milanowski ("Milanowski"), as guarantor and Thomas A. Hantges ("Hantges") as guarantor ("Guaranty");

d.      First Amendment to Loan Documents dated as of October 6, 2003, between USAIP and 10-90, Inc. (the "USAIP First Amendment");

***The "10-90, Inc. Loan Documents"***

e.      Revolving Loan and Security Agreement dated as of April 12, 2002, between 10-90, Inc., as borrower, and DTDF, as lender (as amended by the 10-90 First Amendment referred to below, the "10-90 Loan Agreement");

f.      Promissory Note Secured by Deed of Trust in the face amount of $40,000,000 (later increased to $75,000,000 pursuant to the 10-90 First Amendment) dated April 12, 2002, executed by 10-90, Inc. in favor of DTDF (as amended by the 10-90 First Amendment, the "10-90 Note");

g.      First Amendment to Loan Documents dated as of October 6, 2003, between 10-90, Inc. and DTDF (the "10-90 First Amendment");

***The Collateral Assignment of the USAIP Loan Documents to DTDF***

h.      Collateral Assignment of Beneficial Interest dated as of April 12, 2002, between 10-90, Inc. as assignor and DTDF as assignee (the "DTDF Collateral

Assignment") whereby 10-90, Inc. as borrower collaterally assigned to DTDF all of the rights of 10-90, Inc. as lender in the USAIP Loan Documents;

### *The Collapse of the Two Transactions Into One Transaction*

i.     Agreement for Transfer of Promissory Note dated as of January 1, 2005, between 10-90, Inc. as transferor and DTDF as transferee and consented to by USAIP as the obligor on the note to be transferred, and Milanowski as guarantor and Hantges as guarantor, whereby 10-90, Inc. transferred to DTDF the USAIP Note and other USAIP Loan Documents (the "Transfer Agreement");  and

### *The Default Letter*

j.     Default Letter dated as of August 7, 2006, from USACM to USAIP, Milanowski and Hantges formally notifying such parties of their defaults in connection with the 10-90 Loan.

The 10-90 Loan is the largest loan in the entire USACM portfolio by far. According to the documentation of the 10-90 Loan, the 10-90 Loan was originated in April of 2002, and was secured by an assignment by the borrower, 10-90, Inc. of its interest in a nearly contemporaneous loan made by 10-90, Inc. to USAIP.  It appears that 10-90, Inc. was used as a straw man for USAIP since the books and records FTI has reviewed evidence the fact that 10-90, Inc. received funds from DTDF and contemporaneously transferred the funds to USAIP.

The 10-90, Inc. Loan was formally transferred from 10-90, Inc. to USAIP on January 1, 2005, thereby eliminating the participation of 10-90, Inc. and with the result that USAIP was thereafter the direct borrower of DTDF.[1]

---

[1] DTDF believes that it was defrauded in connection with its funding of the 10-90 Loan, however, trial on the involuntary petition is focused solely on the contractual attributes of DTDF's claim against USAIP and Milanowski and Hantges and does not deal with the additional claims that DTDF may have against them and others as a result of the massive fraud that caused DTDF to enter into the 10-90 Loan transaction and to successively make further advances on the 10-90 Loan.  Milanowski does not accept these allegations.

The 10-90 Loan is currently in default and is fully due and payable.  No response has been received to an August, 2006 Default Letter.

Under the terms of the Guaranty, Milanowski and Hantges are liable for repayment of the 10-90 Loan independently from USAIP's liability for repayment of the 10-90 Loan and the guarantors can be pursued whether or not an action against USAIP is pursued (paragraph 4 of the Guaranty) and Milanowski and Hantges specifically waived any right or defense that would require the lender to first pursue the borrower, USAIP, or exhaust the lender's remedies against the borrower, or to first proceed against any collateral pledged for the 10-90 Loan (paragraph 6 (viii) of the Guaranty).

In all the documentation that FTI has reviewed bearing upon the 10-90 Loan, DTDF has discovered no documentation indicating that USAIP disputes its liability for the 10-90 Loan or that Milanowski or Hantges dispute their liability as guarantors on the loan, nor any indication that the principal amount of the loan is subject to any dispute whatsoever.

### 3.    NSB

Nevada State Bank (the "Bank") holds an unsecured claim against the Debtor in an amount exceeding $300,000, pursuant to the guaranty of the loan described herein.

In or about April, 2000, the Bank extended an unsecured commercial line of credit in the original maximum principal amount of $250,000 to USACM (the "Loan").  The Loan is evidenced by a promissory note (the "Note") dated April 17, 2000, and was guaranteed by, inter alia, the Debtor herein (the "Guaranty").  The making of the Loan was contingent upon the execution of the Guaranty.

Prior to the maturity of the Loan, the Debtor requested the original maturity date of April 17, 2001, be extended.  The Bank granted this request and extended the maturity date of the Loan to April 17, 2002.  A second extension was requested and granted, making the Loan due and payable on June 17, 2003.  The Guaranty continued in full force

and effect throughout the duration of the Loan, including any amendments to the maturity date, and was acknowledged as recently as August 3, 2005. The Bank has received no revocation of the Guaranty, and the Loan remains open.

The Bank has sent written demand for payment of the Loan to the Debtor and the other Guarantors of the Loan, and has received no payment to date. The principal amount due and owing on the Loan is $300,000; interest accrued as of July 24, 2007 is $40,320.83. The Bank has incurred, and continues to incur, significant costs and fees associated with collecting on the Loan, which costs and fees are also recoverable under the Note and Guaranty.

### 4.    Hesperia

NV Hesperia Investors, LLC ("Hesperia") purchased six promissory notes (collectively, the "Notes") from Vineyard Bank that were matured debts of Southern California Land Development, LLC ("Borrower") and guaranteed by Milanowski, the Joseph D. Milanowski Trust and Hantges.

Vineyard Bank assigned the Notes to Hesperia on March 30, 2007.

The unpaid balance of the Notes, including accrued and unpaid default interest, unpaid late fees and costs totals $3,419,727.02 as of June 10, 2007.

USAIP is the maker of a Promissory Note dated September 27, 2004, in the original principal amount of $560,000.00, payable to the order of Vineyard Bank. Borrower assumed the obligation by an Assumption Agreement dated December 27, 2005.

USAIP is the maker of a Promissory Note dated September 27, 2004, in the original principal amount of $800,000.00, payable to the order of Vineyard Bank. Borrower assumed the obligation by an Assumption Agreement dated December 27, 2005.

USAIP is the maker of a Promissory Note dated September 27, 2004, in the original principal amount of $685,000.00, payable to the order of Vineyard Bank. Borrower assumed the obligation by an Assumption Agreement dated December 27, 2005.

Borrower is the maker of a Promissory Note dated March 8, 2005, in the original principal amount of $250,000.00, payable to the order of Vineyard Bank.

Borrower is the maker of a Promissory Note dated March 8, 2005, in the original principal amount of $239,500.00, payable to the order of Vineyard Bank.

Borrower is the maker of a Promissory Note dated March 8, 2005, in the original principal amount of $212,500.00, payable to the order of Vineyard Bank.

Milanowski absolutely and unconditionally guaranteed the obligations of Borrower to Vineyard Bank pursuant to a Commercial Guaranty dated March 8, 2005.

Milanowski absolutely and unconditionally guaranteed the obligations of Borrower to Vineyard Bank pursuant to a Commercial Guaranty dated December 27, 2005.

The Joseph D. Milanowski 1998 Trust absolutely and unconditionally guaranteed the obligations of Borrower to Vineyard Bank pursuant to a Commercial Guaranty dated March 8, 2006.

Hesperia acquired all of Vineyard Bank's rights against Joseph D. Milanowski and his trust for good and valuable consideration.

Hesperia purchased all of Vineyard Bank's right, title and interest in the Notes as an investment and not for the purpose of commencing the above-captioned involuntary case.

Hesperia is unaware of any condition to Joseph D. Milanowski's obligations to Hesperia.  Hesperia has not waived or modified any of Milanowski's obligations as described in this Declaration.

## 5. Compass

On February 16, 2007 (the "Closing Date"), Compass acquired certain of the assets of various of USA Commercial Mortgage Company, USA Capital First Trust Deed Fund, and their other affiliated debtors (collectively such debtors are referred to as the "USA Debtors", and their bankruptcy cases as the "USA Bankruptcy Cases") (collectively, the

"Assets") in exchange for substantial cash consideration.  The terms of Compass' acquisition of the Assets were set forth in an Asset Purchase Agreement, dated December 8, 2006 (the "APA"), which was approved by the Bankruptcy Court pursuant to that certain Order Confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization entered in the USA Bankruptcy Cases on January 8, 2007 (the "Confirmation Order").  Subsequent to the Closing Date, Compass has worked in its capacity as loan servicer to the loans which were the subject of the APA.

Compass owns the loan servicing rights for the following six loans, which are collectively called the "Loans."  Each of the Loans was a loan that was subject to the APA in the USA Bankruptcy Cases.  Each of the Loans is evidenced by the promissory notes, all of which are or were  secured by real estate and in some cases other property, located either in California, Arizona, or Nevada, and such notes are hereinafter called the "Notes." There is a maturity default under each of the Notes other than the Copper Sage Note, and all amounts are presently due and owing under all of the Notes other than the Copper Sage Note.  Following is a listing of each of the Notes, and the amounts due under each of the Notes as of June 1, 2007.  Under each of the Loans, and in addition to its rights as owner of the loan servicing, Compass holds a fractional interest in the amounts listed below. Each of the Notes was in the files and records transferred to Compass at the time of the Closing of the purchase by Compass of the Assets.  Compass holds the original of each of the Notes, which are described in further detail as follows:

**Bundy Canyon**.  That certain Promissory Note Secured by Deed of Trust, dated September 28, 2005, in the original principal amount of $4,050,000.00.  This loan is secured by a deed of trust on real property located in the State of California.  As of June 1, 2007, the total amount due under such note, exclusive of attorneys' fees and other possible costs due under such note or loan documents in relation to such note was $5,518,397.00. Such amount consists of the following:  unpaid principal in the amount of $4,250,000.00;

unpaid interest in the amount of $1,007,469.00; and unpaid late charges of $260,928.00. Compass holds the following fractional interest in the Bundy Canyon Loan and the note which evidences that loan:  0.7059%, or an interest in $30,000.00 of the principal amount of such loan.

**Copper Sage Commerce Center Phase II**.  That certain Promissory Note Secured by Deed of Trust, dated March 1, 2006, in the original principal amount of $3,550,000.00. The loan evidenced by the foregoing note shall be referred to as the "Copper Sage Loan." The Copper Sage Loan is secured by real property located in the State of Nevada.  As of June 1, 2007, the total amount due under such note, exclusive of principal, attorneys' fees, and other possible costs due under such note or loan documents in relation to such note, consists of the following amounts:  unpaid interest in the amount of $825,333.50; unpaid late charges of $40,157.23; and unpaid origination fees in the amount of $56,500.00. Compass holds the following fractional interest in the Copper Sage Loan and the note which evidences that loan:  1.8310%, or an interest in $65,000.00 of the principal amount of such loan.

**Cornman Toltec 160, LLC**.  That certain Promissory Note Secured by Deed of Trust, dated June 24, 2005, in the original principal amount of $5,400,000.00.  The loan evidenced by the foregoing note shall be referred to as the "Cornman Toltec Loan."  The Cornman Toltec Loan is secured by real property located in the State of Arizona.  As of June 1, 2007, the total amount due under such note, exclusive of attorneys' fees and other possible costs due under such note or loan documents in relation to such note, was $7,508,118.00.  Such amount consists of the following:  unpaid principal in the amount of $6,375,000.00; unpaid interest in the amount of $772,444.00; and unpaid late charges of $360,674.00.  Compass holds the following fractional interest in the Cornman Toltec Loan and the note which evidences that loan:  0.0784%, or an interest in $5,000.00 of the principal amount of such loan.

**Southern California Land 2nd**.  That certain Promissory Note Secured by Deed of Trust, dated August 3, 2005, in the original principal amount of $2,300,000.00.  This loan was secured by a junior second deed of trust on real property located in the State of California.  On July 5, 2007, the senior trust deed foreclosed, and this loan became a "foreclosed junior."  As of June 1, 2007, the total amount due under such note, exclusive of attorneys' fees and other possible costs due under such note or loan documents in relation to such note, was $3,048,627.93.  Such amount consists of the following:  unpaid principal in the amount of $2,800,000.00; unpaid interest in the amount of $99,869.36; and, unpaid late charges of $148,758.57.  Compass holds the following fractional interest in the Southern California Land 2nd Loan and the note which evidences that loan: 1.2500%, or an interest in $35,000.00 of the principal amount of such loan.

**Barusa**.  That certain Promissory Note Secured by Deed of Trust, dated November 24, 2003, in the original principal amount of $12,580,000.  This loan is secured by a deed of trust on real property located in the State of California.  As of June 1, 2007, the total amount due under such note, exclusive of attorneys' fees and other possible costs due under such note or loan documents in relation to such note, was $17,953,874.84.  Such amount consists of the following:  unpaid principal in the amount of $15,300,000.00; unpaid interest in the amount of $1,429,664.55; unpaid late charges of $841,710.29; and unpaid extension fees in the amount of $382,500.00.  Compass holds the following fractional interest in the Barusa Loan and the note which evidences that loan:  0.0654%, or an interest in $10,000.00 of the principal amount of such loan.

**Fiesta Oak Valley**.  That certain Promissory Note Secured by Deed of Trust, dated June 15, 2004, in the original principal amount of $20,500,000.00.  This loan is secured by a deed of trust on real property located in the State of California.  As of June 1, 2007, the total amount due under such note, exclusive of attorneys' fees and other possible costs due under such note or loan documents in relation to such note, was $33,844,708.93.  Such

amount consists of the following:  unpaid principal in the amount of $20,500,000.00; unpaid interest in the amount of $11,756,974.59; and, unpaid late charges of $1,587,734.34.  Compass holds the following fractional interest in the Fiesta Valley Loan and the note which evidences that loan: 0.0463%, or an interest in $9,500.00 of the principal amount of such loan.

Compass holds the personal guaranties of Joseph D. Milanowski ("Milanowski") under which he unconditionally guaranteed payment of each of the Notes.  Each of the guaranties is summarized below and collectively they are called the "Guaranties."  Each of the Guaranties was in the files and records transferred to Compass at the time of the closing of the purchase by Compass of the Loan Servicing rights and other assets. Compass holds the original of each of the Guaranties.

(a)    **Bundy Canyon**.  That certain Guaranty dated as of September 28, 2005, executed by Milanowski.

(b)    **Copper Sage Commerce Center Phase II**.  That certain Unconditional Repayment and Completion Guaranty dated as of June 9, 2004, executed by Milanowski.

(c)    **Cornman Toltec 160, LLC**.  That certain Unconditional Guaranty dated as of June 24, 2005, executed by Milanowski.

(d)    **Southern California Land 2nd**.  That certain Unconditional Guaranty dated as of August 3, 2005, executed by Milanowski.

(e)    **Barusa**.  That certain Unconditional Guaranty dated as of November 24, 2003, executed by Milanowski.

(f)    **Fiesta Oak Valley**.  That certain Guaranty dated as of June 15, 2004, executed by Milanowski.

On or about May 15, 2007, a certain group calling themselves the "Lenders Protection Group" sent out notices to borrowers on certain loans for which Compass had acquired the servicing rights in the USA Bankruptcy Cases.  Such notices purported to

replace Compass as the loan servicer.  In the USA Bankruptcy Cases, Compass thereafter filed, on May 25, 2007, a "Motion of Compass Financial Partners LLC for Order Pursuant to 11 U.S.C. Sections 105 and 1141 Enforcing Confirmation Order and for Civil Contempt Sanctions" (the "Motion").  A hearing took place in the USA Bankruptcy Cases on May 31, 2007 before the Hon. Linda B. Riegle, the Bankruptcy Judge sitting in the USA Bankruptcy Cases.  On or about June 26, 2007, an order was entered in the USA Bankruptcy Cases (the "June 26 Order").  In the June 26 Order, it was ordered that pending further order of the Bankruptcy Court, the status quo as of May 15, 2007 is preserved such that Compass shall be and shall remain the loan servicer with respect to all loans for which it acquired servicing rights pursuant to the APA.  It was further ordered that, pending further order of the Bankruptcy Court, all amounts due and owing under and in connection with the loans that were the subject of the APA shall continue to be paid to Compass.

Since entry of the June 26 Order, there has been no further order entered by the Bankruptcy Court or to Compass' knowledge by any other court of competent jurisdiction with respect to the rights of Compass to service the Loans.

On June 20, 2007, the Bankruptcy Court in the USA Bankruptcy Cases conducted a further continued hearing on the Motion of Compass.  The Bankruptcy Court made an oral ruling after such further hearing on the Motion, but to Compass' knowledge and belief no further order has yet been signed by the Court in connection with the Motion.  Compass' counsel has submitted to the Court a form of order which they believe is consistent with the oral ruling of the Court.  Part of that order is that, consistent with the June 26 Order, pending further order of the Bankruptcy Court, Compass shall be and shall remain the loan servicer with respect to the Loans, and that all amounts due and owing under and in connection with the Loans shall continue to be paid to Compass.

With the June 26 Order entered by the Bankruptcy Judge in the USA Bankruptcy Cases, and with the oral ruling of the Court on June 20, 2007, Compass is the only servicer entitled to service the Loans and take actions to pursue collection of the Loans.  As a result of the hearing on June 20, 2007, the only restriction on such rights to service the Loans is that prior to August 17, 2007, Compass shall not complete a foreclosure sale of any real property without an order of the Bankruptcy Court.  Other than that restriction, it is Compass and only Compass that has the rights to service the Loans and to pursue all rights in connection with the Loans.

The Copper Sage Loan is secured by real property located in the State of Nevada. The servicing operations of Compass with respect to the Copper Sage Loan are now being operated out of Compass' New York office.

The Cornman Toltec Loan is secured by real property located in the State of Arizona.   Compass is servicing this loan out of Compass' New York office.

The other four loans that comprise the Loans are secured by real property located in the State of California.  On or about May 18, 2007, Compass entered into a Subservicing Agreement with Howard Zisblatt ("Zisblatt") with respect to the loans purchased under the APA where such loans are secured by real property located in the State of California ("California Loans").  Such agreement is hereinafter called the "Subservicing Agreement". Zisblatt holds a real estate broker's license issued by the California Department of Real Estate and is duly licensed to conduct a commercial mortgage loan servicing business to the extent that the conduct or operation of Compass' loan servicing is subject to such licensing with respect to the California Loans.  Each of the California Loans is and was covered by the Subservicing Agreement.

On or about June 19, 2007, Compass FP Corporation, a Delaware corporation and an affiliate of Compass, obtained its own license as a corporation from the California Department of Real Estate.

Milanowski owes all of the amounts due on the Loans without any need for a demand from Compass.  Paragraph two of each of the Guaranties provide that Milanowski binds himself "the same as if the Guarantor had contracted for payment thereof rather than the Borrower."  As part of the Guaranties, it is further provided that Milanowski agrees to be bound by and to perform all of the terms of all of the Notes.  In paragraph two of the Guaranties, Milanowski waived any right to require Lender to first proceed against the borrower on the Loans, any right to require Lender to exhaust collateral, and also waived "any right to require demand, protest, or receive notice of any kind including presentment, demand for performance or notice of non-performance, notice of dishonor … ."

### 6.    Milanowski

### *Petitioner and Creditor claims*

a.    Joseph Milanowski ("Milanowski") disputes the amount claimed, as the face of the note is for 20% per annum and not 25% per annum as set forth in the claim.

b.    The terms of a $58,000,000 pledge agreement dated May 31, 2006 between Milanowski, USACM and Diversified (the "Pledge Agreement") allowed Milanowski and USA Investment Partners ("USAIP") one year within which to make a payment of $20,000,000 to USACM Trust and Diversified.  On the condition USAIP made the payment USACM and Diversified agreed to forebear collection on the pledge and the $55,000,000 10-90 loan from Diversified in exchange for the additional collateral pledged. USACM Trust and Diversified breached the Pledge Agreement by filing this involuntary petition and the involuntary petition against USA Investment Partners, prior to the expiration of the one year time period.  The breach of the Pledge Agreement discharged Milanowski from his guaranty obligations under the Pledge Agreement, the $55,000,000 loan from Diversified and the $7,000 loan from USACM Trust.  Therefore, there is a bona fide dispute regarding claims asserted by USACM Trust and Diversified.

c.      The claims are fully or partially secured and are guaranteed by certain third party guarantors.  The creditors could resort to the collateral and the guaranties to satisfy the claims in full or significantly reduce the amount of the claims.  Therefore, these claims are contingent claims under  §303(b).

d.      Also, the Nevada Mortgage Lending Division ("MLD") has revoked the mortgage broker licenses for both USACM Trust and Compass Financial Partners, LLC and Compass USA SPE, LLC ("Compass") therefore these parties cannot act as servicers and have no authority under the laws of the State of Nevada to assert claims on behalf of their respective lenders therefore and do not have standing to file the petition for relief in this case.

e.      Further, these creditors do not have a power of attorney under the loan documents authorizing the creditors to file this involuntary petition. and apply default interest and to determine application of payments with regard to default interest and late fees.   Therefore, the creditors do not have standing as creditors under §303(b) of the Bankruptcy Code.

The authority resides specifically with the Direct Lenders under the Promissory Notes, and USACM  Trust and Compass have no authority under any servicing agreement to override the application of payments in the Promissory Note and therefore do not have standing to assert a claim under 303(b).

In addition, the Investors VI claim is fully secured and the sale of the property will satisfy the claim in full.  The USAIP trustee has filed a motion to sell the property which requests the court approve the sale of the collateral which will provide sufficient funds to pay these claims regardless of any disputes.

Milanowski does not have sufficient information to determine the specific amount of Compass' claim because there is not adequate information as to how Compass calculated the amount of its clam or how it determined its participation amount.

Also Milanowski does not have sufficient information and therefore disputes the liability regarding the $7,000 loan from USACM Trust as to liability and the amount and will review the documents supporting the claim and will supplement this response at that time.

Milanowski was generally paying his debts as such debts became due.

## II.    STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1334.  The matter has been referred to this Court by the District Court and is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

## III.    STIPULATED FACTS

Milanowski does not object to the Court finding the allegations set forth in the declarations of the petitioning creditors as accurate for purposes of the trial on the involuntary petition.

## IV.    FACTUAL ISSUES TO BE TRIED

The following are the issues of fact to be tried and determined upon trial:

**A.    On behalf of Petitioners**

1.    Does Milanowski have fewer than 12 holders of eligible claims?

2.    If yes, Milanowski has *fewer* than twelve eligible creditors:

a.    Is at least one of the Petitioners the holder of a claim against Milanowski that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount?

b.    Do the claims of the one or more eligible petitioning creditor(s) aggregate at least $12,300 more than the value of any lien on property of Milanowski securing such claims held by the holder(s) of such claims?

3.      If no, Milanowski has **more** than twelve eligible creditors:

a.      Are at least three of the Petitioners the holders of claims against Milanowski that are not contingent as to liability or the subject of a bona fide dispute as to liability or amount?

b.      Do the claims of the three or more eligible petitioning creditors aggregate at least $12,300 more than the value of any lien on property of Milanowski securing such claims held by the holders of such claims?

4.      In determining the eligibility of the Petitioners:

a.      Is Compass ineligible to file the petition because it is not licensed to service loans with the Mortgage Lending Division of the State of Nevada and is instead servicing loans out of New York?

b.      Is the Trust ineligible to file the petition because it is not licensed to service loans with the Nevada Mortgage Lending Division of the State of Nevada and is instead servicing loans by virtue of the authority to do so granted by this Court in the Second Order?

c.      Are the various guaranties relied upon by Petitioners contingent liabilities unless and until the remedies against the obligors or third party guarantors on the guarantied obligations are exhausted and any collateral for the guarantied obligations exhausted?

d.      Does the fact that certain of the underlying obligations, guarantied by the various guaranties relied upon by Petitioners, are supported by liens upon collateral render those guaranties contingent liabilities even though the guaranties are unsecured?

e.      Did the filing of the involuntary petitions against USAIP on April 4, 2007 and against Milanowski on May 29, 2007, discharge Milanowski on his

guaranty for the 10-90 Loan and/or discharge Milanowski on the liability to pay some $7,000 to USACM?

        f.     If certain amounts of the obligations underlying the various guaranties relied upon by Petitioners are disallowed by this Court or another court, such as default interest asserted against a borrower that is a chapter 11 debtor, is Milanowski nonetheless liable for payment of those amounts under the guaranties?

        5.     Is Milanowski generally paying his debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount?

**B.**      **On behalf of Milanowski**

        1.     See IV(A) above.

## V.     LEGAL ISSUES

The following are the legal issues of fact to be tried and determined upon trial:

**A.**      **On behalf of Petitioners**

        1.     If Milanowski disputes only one component of the amounts claimed by a Petitioner, for example, the manner of the calculation of interest on an undisputed principal balance, is the holder of this largely undisputed claim ineligible to be a petitioning creditor?

        2.     To the extent that the issues denominated as factual issues in the preceding section are not resolved based upon a reading of the operative transaction documents and other relevant evidence, and instead turn on an interpretation of the law, such issues constitute legal issues to be resolved by the Court.

**B.**      **On behalf of Milanowski**

        1.     To the extent that the issues denominated as factual issues in the preceding section are not resolved based upon a reading of the operative transaction documents and other relevant evidence, and instead turn on an interpretation of the law, such issues constitute legal issues to be resolved by the Court.

## VI.    EXHIBITS

The parties previously filed stipulations concerning the Petitioners' exhibits at Docket Nos. 125 (Compass), 124 (Fetterly), 123 (USACM Trust), and 122 (DTDF) and incorporate those stipulations by reference. The following exhibits may be marked for identification and received in evidence unless an objection is listed next to the exhibit.

### A.    On behalf of Petitioners

#### 1.    USACM Trust

| Exhibit | Objection |
|---|---|
| 1. Promissory Note Secured by a Deed of Trust dated December 10, 2004, with an original principal amount of $27,500,000 | None |
| 2. Loan Agreement dated as of December 10, 2004 | None |
| 3. First Amendment to Loan Documents dated February 17, 2005 | None |
| 4. Second Amendment to Loan Documents dated April 12, 2005 | None |
| 5. Third Amendment to Loan Documents dated June 1, 2005 | None |
| 6. Fourth Amendment to Loan Documents dated July 13, 2005 | None |
| 7. Fifth Amendment to Loan Documents dated September 19, 2005 | None |
| 8. Sixth Amendment to Loan Documents dated November 3, 2005 | None |
| 9. Unconditional Guaranty (Placer 1) | None |
| 10. Promissory Note Secured by a Deed of Trust dated December 10, 2004, with an original principal amount of $6,500,000 | None |
| 11. Unconditional Guaranty (Placer 2) | None |

| | **Exhibit** | **Objection** |
|---|---|---|
| 12. | Construction Loan Agreement dated as of March 29, 2004 | None |
| 13. | Promissory Note Secured by Deed of Trust dated March 29, 2004, in the original principal amount of $10,466,000 | None |
| 14. | First Amendment to Loan Documents dated August 6, 2004 | None |
| 15. | Second Amendment to Loan Documents dated August __, 2004 | None |
| 16. | Third Amendment to Loan Documents dated September 30, 2004 | None |
| 17. | Loan Extension Agreement dated as of February 5, 2006 | None |
| 18. | Unconditional Repayment and Completion Guaranty | None |
| 19. | Demand letters | None |
| 20. | Motion For Order Approving Agreement With Investment Partners [Docket No. 575] filed on June 9, 2006, together with attached promissory note and security agreement | None |
| 21. | Order Approving Agreement with Investment Partners  [Docket No. 946] filed on July 24, 2006 | None |
| 22. | Third Amended Chapter 11 Plan of Reorganization [Docket No. 1799] filed on November 15, 2006 | None |
| 23. | USACM Committee's Plan Documents Supplement And Disclosure [Docket No. 2002] filed on December 8, 2006 | None |
| 24. | Notice of Filing Asset Purchase Agreement dated December 8, 2006 [Docket No. 2164] filed on December 18, 2006 | None |

{00412741;}
OHS West:260280328.1

| | Exhibit | Objection |
|---|---|---|
| 25. | Order Confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, as Modified Herein [Docket 2376] filed on January 8, 2007 | None |
| 26. | Findings of Fact and Conclusions of Law In Support Of The "Order Confirming the 'Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, as Modified Herein" [Docket No. 2377] filed on January 8, 2007 | None |
| 27. | Notice of Effective Date of Confirmed Plan [Docket No. 3083] filed on March 13, 2007 | None |
| 28. | Notice of Filing: Estate Administration and Liquidating Trust Agreement and Declaration of the Trust by and Among USA Commercial Mortgage Company, Debtor and Geoffrey L. Berman, as Liquidating Trustee [Docket No. 3335] filed on April 4, 2007 | None |
| 29. | Sample Loan Servicing Agreement – Placer 1 | None |
| 30. | Sample Loan Servicing Agreement – Placer 2 | None |
| 31. | Sample Loan Servicing Agreement – Hotel Marquis | None |

## 2.    DTDF

| | Exhibit | Objection |
|---|---|---|
| 32. | Loan Agreement dated as of April 10, 2002, between USA Investment Partners, LLC ("USAIP"), as borrower, and 10-90, Inc., as lender (as amended by the First Amendment referred to below, the "USAIP Loan Agreement") | None |

| | **Exhibit** | **Objection** |
|---|---|---|
| 33. | Promissory Note dated as of April 10, 2002, made by USAIP as borrower in favor of 10-90, Inc. as lender (as amended by the USAIP First Amendment referred to below, the "USAIP Note") | None |
| 34. | Guaranty dated as of April 10, 2002, in favor of 10-90, Inc. as lender given by Joseph A. Milanowski ("Milanowski"), as guarantor and Thomas A. Hantges ("Hantges") as guarantor ("Guaranty") | None |
| 35. | First Amendment to Loan Documents dated as of October 6, 2003, between USAIP and 10-90, Inc. (the "USAIP First Amendment") | None |
| 36. | Revolving Loan and Security Agreement dated as of April 12, 2002, between 10-90, Inc., as borrower, and DTDF, as lender (as amended by the 10-90 First Amendment referred to below, the "10-90 Loan Agreement") | None |
| 37. | Promissory Note Secured by Deed of Trust in the face amount of $40,000,000 (later increased to $75,000,000 pursuant to the 10-90 First Amendment) dated April 12, 2002, executed by 10-90, Inc. in favor of DTDF (as amended by the 10-90 First Amendment, the "10-90 Note") | None |
| 38. | First Amendment to Loan Documents dated as of October 6, 2003, between 10-90, Inc. and DTDF (the "10-90 First Amendment") | None |
| 39. | Collateral Assignment of Beneficial Interest dated as of April 12, 2002, between 10-90, Inc. as assignor and DTDF as assignee (the "DTDF Collateral Assignment") whereby 10-90, Inc. as borrower collaterally assigned to DTDF all of the rights of 10-90, Inc. as lender in the USAIP Loan Documents | None |

| | **Exhibit** | **Objection** |
|---|---|---|
| 40. | Agreement for Transfer of Promissory Note dated as of January 1, 2005, between 10-90, Inc. as transferor and DTDF as transferee and consented to by USAIP as the obligor on the note to be transferred, and Milanowski as guarantor and Hantges as guarantor, whereby 10-90, Inc. transferred to DTDF the USAIP Note and other USAIP Loan Documents (the "Transfer Agreement") | None |
| 41. | Default Letter dated as of August 7, 2006, from USACM to USAIP, Milanowski and Hantges formally notifying such parties of their defaults in connection with the 10-90 Loan | None |
| 42. | Joseph D. Milanowski's Response to USA Capital Diversified Trust Deed Fund, LLC's and USACM Liquidating Trust's Interrogatories | None |

### 3.    Nevada State Bank

| | **Exhibit** | **Objection** |
|---|---|---|
| 43. | Promissory Note executed by USA Commercial Mortgage Company dated April 17, 2000 | None |
| 44. | Commercial Guarantees executed by Thomas A. Hantges and Joseph D. Milanowski dated April 24, 2000 | None |
| 45. | Promissory Note for USA Commercial Mortgage Company dated April 17, 2000 and Commercial Guarantees executed by Joseph D. Milanowski and Thomas A. Hantges dated April 17, 2001 | None |
| 46. | Commercial Guaranty executed by the Thomas A. Hantges 1997 Trust dated May 24, 2001 | None |
| 47. | Promissory Note executed by USA Commercial Mortgage Company dated May 17, 2002 | None |

| | **Exhibit** | **Objection** |
|---|---|---|
| 48. | Letter to Joseph D. Milanowski from Jim Rimpo dated October 1, 2002 | None |
| 49. | Letter to Joseph D. Milanowski from Jim Rimpo dated May 15, 2003 | None |
| 50. | Letter to Thomas A. Hantges and Joseph D. Milanowski dated December 1, 2003 | None |
| 51. | Financial Statement Warranty dated April 9, 2002 and Financial Statement Warranty dated July 30, 2003 | None |
| 52. | Promissory Note executed by USA Commercial Mortgage Company dated June 17, 2003 | None |
| 53. | Letter to Thomas A. Hantges and Joseph D. Milanowski from James Rimpo dated June 8, 2004 | None |
| 54. | Financial Statement Warranty dated August 9, 2004 and Financial Statement Warranty dated November 30, 2004 | None |
| 55. | Promissory Note executed by USA Commercial Mortgage Company dated July 17, 2004 | None |
| 56. | Letter to Thomas A. Hantges and Joseph D. Milanowski from James Rimpo dated July 14, 2005 | None |
| 57. | Financial Statement Warranty, 2004 | None |
| 58. | Business Loan Agreement executed by USA Commercial Mortgage Company dated August 3, 2005 | None |
| 59. | Promissory Note executed by USA Commercial Mortgage Company dated August 3, 2005 | None |
| 60. | Letter to Joseph D. Milanowski from C.N. Hainsworth dated June 5, 2006 with attached Commercial Guaranty | None |

|  | **Exhibit** | **Objection** |
|---|---|---|
| 61. | Letter to Thomas A. Hantges from C.N. Hainsworth dated June 5, 2006 with attached Commercial Guaranty | None |

### 4.   Fetterly

|  | **Exhibit** | **Objection** |
|---|---|---|
| 62. | Promissory Note dated September 27, 2004, in the original principal amount of $560,000; Change in Terms Agreement dated September 27, 2005; Assumption Agreement and Modification dated December 27, 2005; Change in Terms Agreement dated December 27, 2005; Change in Terms Agreement dated March 27, 2006 | None |
| 63. | Promissory Note dated September 27, 2004, in the original principal amount of $800,000; Change in Terms Agreement dated September 27, 2005; Assumption Agreement and Modification dated December 27, 2005; Change in Terms Agreement dated December 27, 2005; Change in Terms Agreement dated March 27, 2006 | None |
| 64. | Promissory Note dated September 27, 2004, in the original principal amount of $685,0000; Change in Terms Agreement dated September 27, 2005; Assumption Agreement and Modification dated December 27, 2005; Change in Terms Agreement dated December 27, 2005; Change in Terms Agreement dated March 27, 2006 | None |
| 65. | Promissory Note dated March 8, 2005, in the original principal amount of $250,000; Change in Terms Agreement dated March 8, 2006 | None |
| 66. | Promissory Note dated March 8, 2005, in the original principal amount of $239,500 | None |

| | **Exhibit** | **Objection** |
|---|---|---|
| 67. | Promissory Note dated March 8, 2005, in the original principal amount of $212,500; Change in Terms Agreement dated March 8, 2006 | None |
| 68. | Commercial Guaranty dated March 8, 2005, by Joseph D. Milanowski | None |
| 69. | Commercial Guaranty dated December 27, 2005, by Joseph D. Milanowski | None |
| 70. | Commercial Guaranty dated March 8, 2006, by Joseph D. Milanowski 1998 Trust | None |
| 71. | Documents evidencing assignment from Vineyard Bank to NV Hesperia Investors, LLC | None |

### 5.    Compass

| | **Exhibit** | **Objection** |
|---|---|---|
| 72. | Order Re: Emergency Motion of Compass Financial Partners LLC For Order Pursuant to 11 U.S.C. §§ 105 and 1141 Enforcing Confirmation Order and for Civil Contempt Sanctions, entered June 26, 2007 | None |
| 73. | Promissory Note Secured by Deed of Trust, dated September 28, 2005, in the original principal amount of $4,050,000.00, made and delivered by Bundy Canyon Land Development, LLC, a California limited liability company, in favor of the persons listed on Exhibit A to the note | None |
| 74. | Promissory Note Secured by Deed of Trust, dated March 1, 2006, in the original principal amount of $3,550,000.00, made and delivered by Copper Sage Commerce Center, LLC, a Nevada limited liability company, in favor of the persons listed on Exhibit A to the note | None |

| | **Exhibit** | **Objection** |
|---|---|---|
| 75. | Promissory Note Secured by Deed of Trust, dated June 24, 2005, in the original principal amount of $5,400,000.00, made and delivered by Cornman Toltec 160, LLC, a Nevada limited liability company, in favor of the persons listed on Exhibit A to the note | None |
| 76. | Promissory Note Secured by Deed of Trust, dated August 3, 2005, in the original principal amount of $2,300,000.00, made and delivered by Southern California Land Development, LLC, a California limited liability company, in favor of the persons listed on Exhibit A to the note | None |
| 77. | Promissory Note Secured by Deed of Trust, dated November 24, 2003, in the original principal amount of $12,580,000.00, made and delivered by Barusa, LLC, a California limited liability company, in favor of the persons listed on Exhibit A to the note | None |
| 78. | Promissory Note Secured by Deed of Trust, dated June 15, 2004, in the original principal amount of $20,500,000.00, made and delivered by Oak Mesa Investors, LLC, a California limited liability company, in favor of the persons listed on Exhibit A to the note | None |
| 79. | Guaranty dated as of September 28, 2005, executed by Milanowski in favor of those persons listed on Exhibit A to the guaranty, in connection with loan of up to $5,000,000.00 to Bundy Canyon Land Development, LLC, a California limited liability company | None |

{00412741;}
OHS West:260280328.1

-31-

| | **Exhibit** | **Objection** |
|---|---|---|
| 80. | Unconditional Repayment and Completion Guaranty dated as of June 9, 2004, executed by Milanowski in favor of those persons listed on Exhibit A to the guaranty, in connection with loan of up to $4,000,000.00 to Copper Sage Commerce Center, LLC, a Nevada limited liability company | None |
| 81. | Unconditional Guaranty dated as of June 24, 2005, executed by Milanowski in favor of those persons listed on Exhibit A to the guaranty, in connection with loan not to exceed $6,550,000.00 to Cornman Toltec 160, LLC, a Nevada limited liability company | None |
| 82. | Unconditional Guaranty dated as of August 3, 2005, executed by Milanowski in favor of those persons listed on Exhibit A to the guaranty, in connection with loan not to exceed $3,000,000.00 to Southern California Land Development, LLC, a California limited liability company | None |
| 83. | Unconditional Guaranty dated as of November 24, 2003, executed by Milanowski in favor of those persons listed on Exhibit A to the guaranty, in connection with loan not to exceed $15,300,000.00 to Barusa, LLC, a California limited liability company | None |
| 84. | Guaranty dated as of June 15, 2004, executed by Milanowski in favor of those persons listed on Exhibit A to the guaranty, in connection with loan of $20,500,000.00 to Oak Mesa Investors, LLC, a California limited liability company | None |
| 85. | California license information of Compass FP Corp., taken from the records of the California Department of Real Estate on July 19, 2007 | None |

|  | **Exhibit** | **Objection** |
|---|---|---|
| 86. | Trustee's Deed Upon Sale recorded July 11, 2007 in the Official Records of the County of San Bernardino, Document Number 2007-0407647 | None |
| 87. | Loan Servicing Agreement – Bundy Canyon – Davis, Joe | None |
| 88. | Loan Servicing Agreement – Copper Sage Commerce Center Phase II – Hertz, Murray | None |
| 89. | Loan Servicing Agreement – Cornman Toltec – Brill, Gary TTEE | None |
| 90. | Loan Servicing Agreement – Barusa – Janssen, Robert | None |
| 91. | Loan Servicing Agreement – Oak Valley – DeBerry, Tracy | None |
| 92. | Loan Servicing Agreement – Southern California 2d – Nelson, James S. | None |
| 93. | Supplemental Order Re: Emergency Motion for Compass for Order Pursuant to Sections 105 and 1141 Enforcing Confirmation Order and for Civil Contempt Sanctions, entered August 1, 2007 | None |

**B.     On behalf of Milanowski**

**1.     USACM**

|  | **Exhibit** | **Objection** |
|---|---|---|
| A. | Appraisals regarding value of collateral for Placer Vineyards 1 Loan | The value of the collateral is not relevant. Any such appraisal would be inadmissible hearsay, without foundation. |
| B. | Appraisals regarding value of collateral for Placer Vineyards 2 Loan | The value of the collateral is not relevant. Any such documents would be inadmissible hearsay, without foundation. |

**2.     DTDF**

|  | **Exhibit** | **Objection** |
|---|---|---|
| C. | Debtor's Motion for Order (i) Approving Sales Protections to Aphm Zoso, LLC, a Delaware Limited Liability Company, as Provided for in | Not relevant, but no objection to the Court taking judicial notice of any pleadings in the *USA Investors VI, LLC* case. |

Agreement for Purchase and Sale of Real Estate (and Joint Escrow Instructions); (ii) Approving Procedures for Soliciting Higher and Better Offers, and Determining Highest and Best Offer; (iii) Setting Hearing to Select Highest and Best Offer, and to Approve Sale of Assets and the Assumption and Assignment of Lease and Executory Contracts; and (iv) Granting Other Relief and Preliminary Report of Marketing, Case No. 07-12377, dated July 17, 2007, Docket No. 135

| | | |
|---|---|---|
| D. | Motion to Approve Settlement Agreement Pursuant to Fed.R. Bankr. P.9019, Case No. 07-12694  file 6/12/07, Docket #353 | Not relevant, but no objection to the Court taking judicial notice of any pleadings in the *HMA Sales, LLC* case. |

### 3.    Nevada State Bank

| **Exhibit** | | **Objection** |
|---|---|---|
| E. | Plaintiff's Opposition to Motion to Dismiss Pursuant to Rule 12(b)(5); Counter-Motion for Summary Judgment Against All Defendants, dated 9/29/06, Case No.06-A-524578-C | Not relevant; reserve the right to object on the ground of authenticity |
| F. | Special Appearance of Thomas A. Hantges and Thomas A. Hantges 1997 Trust, and Reply to Opposition to Motion to Dismiss Pursuant to Rule 12(b)(5) Opposition to Motion for Summary Judgment, dated 10/05/06, Case No. 06-A-524578 | Not relevant; reserve the right to object on the ground of authenticity |
| G. | Order Denying Plaintiff's Counter-Motion for Summary Judgment in Part, dated November 2, 2006, Case No, 06-A-524578 | Not relevant; reserve the right to object on the ground of authenticity |
| H. | Motion for Relief from Order and Memorandum in Support of Motion for Relief from Order, dated 12/22/06. Case No. 06-A-524578, | Not relevant; reserve the right to object on the ground of authenticity |

| | |
|---|---|
| I.   Minute Entry of District Court of Clark County and proposed Order Granting Motion Setting Aside Summary Judgment dated 4/10/07, Case No. 06-A-524578-C, | Not relevant; reserve the right to object on the ground of authenticity |
| J.   Order Granting Defendant Joseph Milanowski's Motion for Relief from Order, Case No. 06-A-524578 | Not relevant; reserve the right to object on the ground of authenticity |

### 4.    Other Exhibits

| Exhibit | Objection |
|---|---|
| K.   Brief in Response to Supplemental Memorandum of Law in Support of Emergency Motion of Compass Financial Partners LLC for Order Pursuant to 11 USC Sections 105 and 1141 Enforcing Confirmation Order and for Civil Contempt Sanction, Case No. 06-10725, dated 6/14/07, Docket No. 3993 | None |
| L.   Minute Entry regarding continued hearing on Motion by Lender Protection Group regarding servicing rights, Case No. 06-10725, dated 6/20/07, Docket No. 4033 | None |

### 5.    Compass

| Exhibit | Objection |
|---|---|
| M.   State of Nevada Department of Business and Industry, Mortgage Lending Division's Notice to Court of Regulatory Developments dated May 30, 2007, Case No. 06-10725, dated 5/30/07, Docket No. 3852 | Not relevant |
| N.   Appraisal regarding value of collateral for Bundy Canyon claim | The value of the collateral is not relevant. Any such appraisal would be inadmissible hearsay, without foundation. |
| O.   Appraisal regarding value of collateral for Copper Sage Commerce Center Phase II claim | The value of the collateral is not relevant. Any such appraisal would be inadmissible hearsay, without foundation. |

{00412741;}
OHS West:260280328.1

| | | |
|---|---|---|
| P. | Appraisal regarding value of collateral for Cornman Toltec 160, LLC claim | The value of the collateral is not relevant. Any such appraisal would be inadmissible hearsay, without foundation. |
| Q. | Appraisal regarding value of collateral for Southern California Land 2nd claim | The value of the collateral is not relevant. Any such appraisal would be inadmissible hearsay, without foundation. |
| R. | Appraisal regarding value of collateral for Barusa claim | The value of the collateral is not relevant. Any such appraisal would be inadmissible hearsay, without foundation. |
| S. | Appraisal regarding value of collateral for Fiesta Oak Valley claim | The value of the collateral is not relevant. Any such appraisal would be inadmissible hearsay, without foundation. |

## VII.    DEPOSITIONS

### A.    On behalf of Petitioners

The parties agree that the testimony of witnesses shall be received by declaration, subject to cross-examination either at trial or in deposition.  Petitioners will file the depositions of each of the witnesses not later than August 3, 2007.  The following witnesses will not be present at trial.  The opposing party was free to depose them on July 23 or 25, 2007 and did not do so.

        (1)    Lynn L. Fetterly, NV Hesperia Investors, LLC, P.O. Box 5986, 549 Ponderosa Avenue, Incline Village, Nevada 89450

        (2)    David Blatt, Compass Financial Partners LLC

### B.    On behalf of Milanowski

        (1)    None

## VIII.    WITNESSES

The following witnesses may be called by the parties upon trial.

### A.    On behalf of Petitioners

        (1)    Geoffrey L. Berman, Trustee, USACM Liquidating Trust c/o Lewis and Roca LLP, 3993 Howard Hughes Parkway, Suite 600, Las Vegas, Nevada  89169

(2)    Chas Harvick, DTDF

(3)    James Rimpo, Nevada State Bank

(4)    C.N. Hainsworth, Nevada State Bank

**B.    On behalf of Milanowski**

1.    Geoffrey L. Berman, Trustee, USACM Liquidating Trust c/o Lewis and Roca LLP, 3993 Howard Hughes Parkway, Suite 600, Las Vegas, Nevada  89169

2.    Chas Harvick, DTDF

3.    James Rimpo, Nevada State Bank

4.    C.N. Hainsworth, Nevada State Bank

## IX.    TRIAL DATE

This matter will be heard at a bench trial on August 9, 2007 at 9:30 a.m.

## X.    TRIAL LENGTH

The parties agree that the trial shall take one day or less.

APPROVED AS TO FORM AND CONTENT:

**LEWIS AND ROCA LLP**

By /s/ Rob Charles (#006593)
Rob Charles, NV 6593
RCharles@LRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile: (702) 949-8321
Telephone: (702) 949-8320
*Attorneys for the USACM Liquidating Trust*

**BECKLEY SINGLETON, CHTD.**

/s/ Anne M. Loraditch  NV 8164
Bob L. Olson
Anne M. Loraditch
530 Las Vegas Boulevard South
Las Vegas, NV  89101

and

**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
MARC A. LEVINSON
JEFFERY D. HERMANN
400 Capitol Mall, Suite 3000
Sacramento, California  95814-4497

ATTORNEYS FOR POST-EFFECTIVE
DATE DTDF

**Greenberg Traurig, LLP**

By /s/ Keriann M. Atencio
Keriann M. Atencio
2375 East Camelback Road
Phoenix, AZ  85016
and
Eric W. Swanis
Bradley N. Boodt
**Greenberg Traurig, LLP**
3773 Howard Hughes Pkwy.
Suite 500 North
Las Vegas, Nevada 89109
Attorneys for Nevada State Bank

**Woodbury & Kesler, PC**

By /s/ Russell S. Walker
Russell S. Walker
265 East 100 South
Suite 300
P. O. Box 3358
Salt Lake City, UT  84111
Attorneys for Joseph D. Milanowski

**NV Hesperia Investors, LLC**
By: Ponderosa Asset Management, LLC
Its: Sole Manager


By: /s/ Lynn L. Fetterly
Lynn L. Fetterly, Manager
P.O. Box 5986
549 Ponderosa Avenue
Incline Village, Nevada 89450
Telephone: (775) 832-2655
*In Proper Person*


**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
**-and-**
**BULLIVANT HOUSER BAILEY PC**


By:       /s/ Georganne W. Bradley (NV 1105)
Georganne W. Bradley
3883 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
*Attorneys for Petitioning Creditors Compass*
*Financial Partners LLC and Compass USA SPE LLC*

1
2
                        XI.        ACTION BY THE COURT
3
         A.        This case is set down for bench trial on the August 9, 2007 at 9:30 a.m.
4
         B.        An original and 2 copies of each trial brief shall be submitted to the clerk on
5
or before _____
6
         C.        **Court trials.**  Proposed findings of facts and conclusions of law shall be
7
filed on or before _____.
8
         The foregoing pretrial order has been approved by the parties to this action as
9
evidenced by the signatures of their counsel hereon, and the order is hereby entered and
10
will govern the trial in this case.  This order shall not be amended except by order of the
11
court pursuant to agreement of the parties or to prevent manifest injustice.
12
         DATED_____.
13
                                                  _____
14                                                Hon. Linda B. Riegle
                                                  United States Bankruptcy Judge
15                                                District Of Nevada
16
17
18
19
20
21
22
23
24
25
26
27
28
         {00412741;}
         OHS West:260280328.1                              -40-