Russell S. Walker, Utah Bar No. 3363
Reid W. Lambert, Utah Bar No. 5744
Elizabeth R. Loveridge, Utah Bar No. 6025
WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84111
Telephone: (801) 364-1100
Facsimile: (801) 359-2320
Email: rwalker@wklawpc.com

Jeffrey Sylvester
SYLVESTER & POLEDNAK
7371 Prairie Falcon Road, Suite 120
Las Vegas, Nevada 89128
Telephone: (702) 952-5200
Facsimile: (702) 952-5205
Email: jeff@sylvesterpolednak.com

# UNITED STATES BANKRUPCTY COURT
## DISTRICT OF NEVADA

| In re:<br><br>**JOSEPH D. MILANOWSKI,**<br><br>          Debtor | Case No.: BK-S-07-13162 LBR<br><br>(Chapter 11)<br><br><br>**TRIAL BRIEF** |
|---|---|

Pursuant to LR 7016, and the Joint Pretrial Order submitted by the parties, Joseph D. Milanowski ("Milanowski") submits the following Trial Statement.

### I.    STATEMENT OF THE CASE

### A.    Nature of the Action

The USACM Liquidating Trust (the "USACM Trust"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), and Nevada State Bank ("NSB"), filed their involuntary bankruptcy petition against Milanowski on May 29, 2007, and thereafter NV Hesperia Investors, LLC ("Hesperia") filed its joinder on June 29, 2007, and Compass Financial Partners, LLC ("Compass")(collectively the USACM Trust, DTDF, NSB, Hesperia and Compass are "Petitioning Creditors") filed its joinder on July 3, 2007.

Milanowski filed his amended answer on July 17, 2007, pursuant to the Court's stipulated Discovery Plan and Scheduling Order entered on July 13, 2007.

**B.      Contention of the Parties**

Milanowski incorporates by reference the contention of the parties set forth in the Joint Pretrial Order at pp. 2-19.

**II.     STATEMENT OF JURSIDCTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1334.  The matter has been referred to this Court by the Nevada District Court and is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

**III.    STIPULATED FACTS**

Milanowski incorporates by reference the stipulated facts set forth in the Joint Pretrial Order at p. 19.

**IV.     CONTESTED ISSUES OF LAW**

**A.      Whether The Petitioning Creditors Have Standing To Maintain The Present Action Pursuant To 11 U.S.C. § 303**

The Petitioning Creditors do not have standing to maintain this action where their claims are contingent as to liability, the subject of a bona fide dispute, and where Milanowski has generally been paying his debts as they become due.  See 11 U.S.C. § 303 (b), 303 (h)(1).  Courts have recognized that a creditor's filing of an involuntary petition "must be carefully scrutinized by the Court because such action is extreme in nature and carries with it serious consequences to the alleged debtor." In re Landmark Distrib., Inc., 189 B.R. 290, 306 (Bankr.D.N.J. 1995).  Moreover, Congress crafted the Bankruptcy Code as "a shield for debtors, rather than as a sword for creditors." Id. citing In re R.N. Salem Corp., 29 B.R. 424 (S.D. Ohio 1983).

Accordingly, the Bankruptcy Code and courts provide safeguards for a debtor placed into an involuntary bankruptcy; namely, a petitioning creditor has the burden of establishing

a prima facie case that their claims are not contingent as to liability, not subject to a bona fide dispute, and that the alleged debtor is not paying his debts as they become due. See In re Visioneering Constr., 661 F.2d 119, 121 (9th Cir. 1981), 11 U.S.C. § 303(b), 303 (h)(1). Absent this prima facie showing, a creditor does not have standing to file an involuntary petition and his action should be dismissed. In re Seko Inv., Inc., 156 F.3d 1005, 1007 (9th Cir. 1998). In this case, the Petitioning Creditors fail to establish their prima facie case where the facts demonstrate that: (1) their claims are contingent as to liability; (2) their claims are subject to a bona fide dispute; and (3) Milanowski has generally been paying his debts as they become due. Accordingly, this action should be dismissed.

### 1. The Petitioning Creditors' claims are contingent as to liability

11 U.S.C. § 303 (b)(1) provides that an involuntary case can only be commenced if "a holder of a claim against [the debtor] is not contingent as to liability." The Ninth Circuit has held that a claims is contingent as to liability "when the debtor's duty to pay arises only upon the occurrence of a future event that was contemplated by the parties at the time of the contract's execution." In re Seko Inv., Inc., 156 F.3d at 1008 (9th Cir. 1998). In this case, Milanowski contends that the Petitioning Creditors' claims are contingent where they are based solely on Milanowski's guarantee of certain loans which are subject to payment by the borrowers, secured by other collateral, and where the Petitioning Creditors have failed to marshal their assets.

In In re Mavellia, 149 B.R. 301 (Bankr.E.D.N.Y. 1991), a debtor placed into an involuntary chapter 7 bankruptcy challenged the petitioning creditor's standing on the grounds that its claims were both contingent and disputed. The debtor argued that the creditor's claim was contingent because it arose out of the debtor's guarantee of the indebtedness of a corporation, Harbor Towne Properties, Ltd., and that only if that property

held by Harbor Towne on which the creditor sought to foreclose was insufficient to satisfy the obligations of Harbor Towne would the debtor become liable on his guaranties. Id. at 304.

The bankruptcy court stated that claims are contingent as to liability "if the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor . . . and if such event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred." Id. Based on this definition, which is identical to that adopted by the Ninth Circuit, the court held that if the debtor's debt to the creditor "is solely that of a guarantor, [the creditor] cannot qualify as a petitioning creditor." Id.

In this case, the Petitioning Creditors' claims are based on Milanowski's guaranties of certain loans. However, Milanowski contends that the analysis set forth in In re Mavellia applies in this case, and consequently, the Petitioning Creditors do not qualify as petitioning creditors where their claims are against him in his capacity as a guarantor. Moreover, it is undisputed that the Petitioning Creditors did not actually make the loans whose repayment was guaranteed by Milanowski, but were only the servicers of those loans. Additionally, Petitioning Creditors USACM and Compass have had their mortgage brokers licenses revoked by the Nevada Mortgage Lending Division and are currently not permitted to conduct business within the state of Nevada. Accordingly, Milanowski contends that not only do the Petitioning Creditors lack standing to bring this action where their claims are based on Milanowski's guaranties, but also where two of the seven Creditors are now not even licensed by the state of Nevada to service loans.

Moreover, as In re Mavellia, Milanowski contends that the Petitioning Creditors' claims are contingent as to liability where the Petitioning Creditors have access to other sources of repayment, collateral, and other guarantees to satisfy their claims and should therefore be required to marshal their assets. In In re Mavellia, the court agreed with the debtor's contention that only if the creditor's foreclosure of an asset was insufficient to satisfy his obligation, would he become liable on his guaranties. Id at 303-304. In short, the court required the creditor to collect on other collateral before seeking relief from the debtor. Likewise in this case, the Petitioning Creditors have access to other sources of collateral by which to satisfy their claims. Accordingly, if the foreclosure of other assets and collateral fails to satisfy the Petitioning Creditors' claims, then Milanowski becomes liable on his guaranties. The Ninth Circuit has recognized that requiring a creditor to "marshal assets" is an appropriate equitable remedy and soundly within the discretion of the court. See In re Brazier Forest Prod., Inc., 921 F.2d 221, 223 (9th Cir. 1990).

Under Nevada law, a court or trustee may require a creditor to resort to different funds for the satisfaction of his claim. The relevant statute provides,

> Where a creditor is entitled to resort to each of several funds for the satisfaction of his claim, and another person has an interest in, or is entitled as a creditor to resort to some, but not all, of them, the latter may require the former to seek satisfaction from those funds to which the latter has no such claim, so far as it can be done without impairing the rights of the former to complete satisfaction, and without doing injustice to third persons.

N.R.S. 100.040. See also Fist Interstate Bank of California v. H.C.T., Inc., 828 P.2d 405, 408 (Nev. 1992).

While marshaling may generally only be invoked on behalf of a junior secured or lien creditor, courts have held that the interests of the debtor should be considered. See In re Bame, 271 B.R. 354, 361 (Bankr.D.Minn. 2001). In this case, as in In re Mavellia, the

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

Petitioning Creditors should be required to first marshal their assets before Milanowski becomes liable on his guaranties. Moreover, Milanowski notes that he was only the guarantor on the loans and that the Petitioning Creditors, as part of their marshaling requirement, should seek redress from the borrowers themselves and that a work out agreement could possibly be reached which would preclude Milanowski's liability. However, until the Petitioning Creditors have exhausted their other sources and marshaled their assets their claims against Milanowski are contingent as to liability and the Petitioning Creditors therefore lack standing.

### 2. Petitioning Creditors' claims are subject to a bona fide dispute

The Petitioning Creditors lack standing to file their involuntary petition where their claim is the subject of a bona fide dispute. Section 303 (b) precludes two types of claims from being the basis of an involuntary petition: (1) those that are contingent as to liability, and (2) those that are the subject of a bona fide dispute. 11 U.S.C. § 303 (b)(1). As set forth above, Milanowski contends that the Petitioning Creditors' claims are contingent as to liability. In addition, Milanowski also contends that the Petitioning Creditors' claims are the subject of a bona fide dispute and should therefore be disallowed.

In determining whether a creditor's claim is subject to a bona fide dispute the Ninth Circuit has adopted an objective standard which asks whether "there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then the petition must be dismissed." In re Vortex Fishing Sys., Inc., 277 F.3d 1057, 1064-1065 (9th Cir. 2002).

In this case, the claims of at least three of the Petitioning Creditors are subject to a bona fide dispute where USACM and Compass are not licensed to service loans in the state of Nevada and where there are genuine issues of material fact related to NSB's claim.

Milanowski contends that where USACM and Compass are not licensed to conduct business in Nevada, their claims should be dismissed. In <u>In re Focus Media, Inc.</u>, 378 F.3d 916, 925-926 (9th Cir. 2004), the Ninth Circuit held that where a creditor's claim is subject to a bona fide dispute, the disqualified creditor's claim should be subtracted from the total debt the alleged debtor owes. Applying that reasoning to this case, USACM and Compass' claims should be disqualified and therefore subtracted from the total claims asserted by the Petitioning Creditors.[1] Furthermore, NSB's claim is subject to a bona fide dispute where its recent motion for summary judgment was denied, thereby demonstrating that genuine issues of material fact exist regarding its loan and claim against Milanowski.[2]

With respect to the NSB claim, the District Court for Clark County Nevada denied NSB's Motion for Summary Judgment on two grounds (1) there is genuine issue of material fact and (2) that Milanowski had raised a meritorious defense claiming novation of the guarantee. The NSB claim is therefore contingent and unliquidated and NSB does not have standing as a creditor under §303 of the Bankruptcy Code.

### 3. Milanowski has generally been paying his debts as they become due

The Petitioning Creditors' case should be dismissed where Milanowski has generally been paying his debts as they become due. Under 11 U.S.C. § 303 (h)(1), relief can only be ordered on an involuntary petition if "the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount." The Ninth Circuit has adopted a totality of the circumstances test for

---

[1] The Petitioning Creditors have stated that USACM claims total approximately $76,842,789.89 and that Compass' claims total $71,423,726.70. <u>See</u> Joint Pretrial Order pp. 2-14.

[2] NSB's claim totals approximately $340,320.83. <u>See</u> Joint Pretrial Order p. 9.

determining whether an alleged debtor is generally paying his debts as they become due. In re Focus Media, Inc., 378 F.3d at 928-929 (9th Cir. 2004). Under this test, a "finding that a debtor is generally not paying its debts 'requires a more general showing than merely establishing the existence of a few unpaid debts." Id. at 929 quoting In re Vortex Fishing Sys. Inc., 277 F.3d at 1072. Moreover, "Congress intended to provide a flexibility which is not reducible to a simplistic formula." In re Bishop, Baldwin, Rewald, Dillinghaw & Wong, Inc., 779 F.2d 471, 475 (9th Cir. 1985).

In Vortex, both the bankruptcy court and Ninth Circuit held that a debtor was generally paying his debts as they became due where the debtor had received a favorable credit report and where it had been "paying and is remaining current with its tax obligations, payroll, rent, utilities, and operating expenses." Id. at 1072. Additionally, in In re Bishop, the court noted that if a debtor is "conducting his financial affairs in a manner inconsistent with good faith and outside the ordinary course of business, it may affect the court's determination." In re Bishop, 779 F.2d at 475.

In this case, under the totality of the circumstances, Milanowski has generally been paying his debts as they become due. While he may have a few outstanding debts, there is no evidence that he has conducted his financial affairs in a manner inconsistent with good faith or that he has taken any actions that could be construed as outside the ordinary course of business. Moreover, Milanowski has kept current on other bills and expenses as they have arisen and is only allegedly delinquent on contingent claims the Petitioning Creditors seek to collect without first exhausting other sources, collateral and assets.

The Petitioning Creditors bear the burden of establishing their prima facie case and demonstrating that Milanowski is not generally paying his debts as they become due. Milanowski contends that Petitioning Creditors have failed to carry their burden where,

under the totality of the circumstances, Milanowski has generally been paying his debts as they become due. In fact, the only evidence that Milanowski is not generally paying his debts as they become due are the claims under the guarantees on the loans. The Ninth Circuit has made clear that a finding that a debtor is generally not paying its debts "requires a more general showing of the debtor's financial condition and debt structure than merely establishing the existence of a few unpaid debts." In re Vortex, 277 F.3d at 1072 quoting In re Leek Corp., 52 B.R. 311, 314 (Bankr.M.D.Fla. 1985).

In this case, the Petitioning Creditors have done little more than allege a few unpaid debts and therefore have failed to establish that Milanowski is not generally paying his debts as they become due pursuant to the applicable standard.

### V.   EXHIBITS

Milanowski incorporates by reference the list of exhibits set forth in the Joint Pretrial Order at pp. 22-35. Milanowski has exchanged exhibits with counsel for the Petitioning Creditors.

### VI.   SPECIAL TRIAL ISSUE

Milanowski does not believe there are any special trial issues that require the Court's attention other than those legal issues set forth above.

### VII.   WITNESSES

Milanowski incorporates by reference the list of trial witnesses set forth in the Joint Pretrial Order at pp. 35-36

DATED this 3rd day of August, 2007.

**WOODBURY & KELSER, P.C.**

/s/ Russell S. Walker
Russell S. Walker, Utah Bar No. 3363
Elizabeth R. Loveridge, Utah Bar No. 6025
Reid W. Lambert, Utah Bar No. 5744
WOODBURY & KELSER, P.C.
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84111

and

Jeffrey Sylvester, Nevada Bar No.
SYLVESTER & POLEDNAK
7371 Prairie Falcon Road, Suite 120
Las Vegas, NV 89128

**CERTIFCATE OF MAILING**

I hereby certify that on this 3rd day of August 2007, I caused a true and correct copy of the foregoing **TRIAL STATEMENT** to be sent via ECF to the following registered users:

- KERIANN M. ATENCIO    ATENCIOK@GTLAW.COM
- GEORGANNE W. BRADLEY    georganne.bradley@bullivant.com, mary.opatrny@bullivant.com
- ROB CHARLES    rcharles@lrlaw.com, cjordan@lrlaw.com
- GREGORY E GARMAN    bankruptcynotices@gordonsilver.com
- GEORGE C LAZAR    glazar@foxjohns.com, gclazar@sbcglobal.net
- ANNE M. LORADITCH    ecffilings@beckleylaw.com, aloraditch@beckleylaw.com;pkois@beckleylaw.com
- THOMAS RICE    trice@coxsmith.com, ggattis@coxsmith.com
- ERIC W. SWANIS    swanise@gtlaw.com, barberc@gtlaw.com;lengemannc@gtlaw.com
- U.S. TRUSTEE - LV - 11    USTPRegion17.lv.ecf@usdoj.gov
- RUSSELL S. WALKER    rwalker@wklawpc.com, eloveridge@wklawpc.com;lboynton@wklawpc.com;ckirk@wklawpc.com;rrazo@wklawpc.com;tgrover@wklawpc.com
- DEBORAH D. WILLIAMSON    dwilliamson@coxsmith.com, ggattis@coxsmith.com

And via First Class U.S. Mail, postage prepaid to the following:

BRUCE A ANDERSON
1400 NORTHWOOD CENTER CT., STE. C
COEUR D- ALENE, ID 83814

FORD ELSAESSER
US TRUSTEE
300 LAS VEGAS BLVD SO #4300
LAS VEGAS, NV 89101

LYNN L FETTERLY
549 PONDEROSA AVE
INCLINE VILLAGE, NV 89450

JAMES S MACDONALD
123 SO. THIRD STREET, SECOND FLOOR
SANDPOINT, ID 83864

                                        /s/ Carolee Kirk