

Entered on Docket
June 02, 2009

_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

_____

| | |
|---|---|
| Deborah D. Williamson<br>Texas State Bar No. 21617500<br>dwilliamson@coxsmith.com<br>**COX SMITH MATTHEWS INCORPORATED**<br>112 E. Pecan Street, Suite 1800<br>San Antonio, Texas 78205<br>Telephone:     (210) 554-5500<br>Facsimile:      (210) 226-8395 | James Macdonald<br>Idaho State Bar No. 7257<br>james@ejame.com<br>**ELSAESSER JARZABEK ANDERSON MARKS &<br>ELLIOTT, CHARTERED**<br>102 South Euclid Avenue, Suite 307<br>P.O. Box 1049<br>Sandpoint, Idaho 83864<br>Telephone:     (208) 263-8517<br>Facsimile:      (208) 263-0759 |

**ATTORNEYS FOR FORD ELSAESSER,
CHAPTER 11 TRUSTEE**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**JOSEPH D. MILANOWSKI,**<br><br>Debtor. | Chapter 11 – Involuntary<br><br>Case No. BK-S-07-13162-LBR<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING AGREED ORDER GRANTING MOTION BY FORD ELSAESSER, THE CHAPTER 11 TRUSTEE FOR THE ESTATE OF JOSEPH D. MILANOWSKI, TO APPROVE THE SETTLEMENT AGREEMENT AND RELEASE PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |

This Court, having considered the *Motion By Ford Elsaesser, The Chapter 11 Trustee For The Estate Of Joseph D. Milanowski, to Approve the Settlement Agreement and Release*

5/29/2009  11:44 AM
2541004v.1

*Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 475] (the "Motion") filed by Ford Elsaesser, the trustee (the "Trustee") for the estate (the "Estate") of Joseph D. Milanowski (the "Debtor"), and pursuant to the Motion, the *Declaration of Chapter 11 Trustee, Ford Elsaesser, Filed in Support of Motion by Ford Elsaesser, the Chapter 11 Trustee for the Estate of Joseph D. Milanowski, to Approve the Settlement Agreement and Release Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 476] (the "Trustee's Declaration"), the proffer of the Trustee's testimony and the arguments of counsel made at the hearing on April 10, 2009, now therefore makes the following findings of fact and conclusions of law pursuant to Rules 7052, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure[1]:

**Findings of Fact**

A.  Notice of the Motion ("Notice") was properly served on all creditors of the Estate, the United States Trustee and the Debtor.

B.  The claims being settled are claims of the Estate against the Milanowski Parties.

C.  The Trustee has investigated the merits of the claims against the Milanowski Parties, and has conducted such investigation as he deemed reasonable into the merits of the claims. The Trustee has inquired into the complexity of proving the claims, the duration of litigation or other means for prosecuting the claims, and has evaluated the difficulties of collection and the assets available to satisfy any future judgment arising from the claims.

D.  Based upon this evaluation, the Trustee has recommended the Settlement Agreement as a fair and equitable compromise of the claims.

E.  The Settlement Agreement, as modified below, is fair and equitable to the Estate.

---

[1] Capitalized terms not defined herein have the meaning provided in the Motion.

2

2541004v.1

F.   The parties to the Settlement Agreement appeared at the hearing and agreed to the Court's modification of the Settlement Agreement.

G.   There was no collusion, fraud or tortious conduct in connection with the negotiation and execution of the Settlement Agreement, and the Settlement Agreement was the product of arms-length good faith negotiation.

H.   The Settlement Agreement, as modified, is in the best interest of the creditors of the Estate.

### Conclusions of Law

1.   Notice is adequate under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure.

2.   The Trustee has standing to assert the claims being settled and has standing to bring this Motion.

3.   The Settlement Agreement is approved as modified by the addition of the following terms:

> The Milanowski Parties warrant that they have disclosed to the Trustee all of their non-exempt assets.
>
> Any failure by the Milanowski Parties to disclose any non-exempt assets with an aggregate value of greater than $20,000 will be deemed a material breach of the Settlement Agreement and will invalidate and render unenforceable any and all releases, waivers, acquittals and cancellations granted to the Milanowski Parties by the Trustee on behalf of the Estate as set forth in the Settlement Agreement.

2541004v.1

4. In light of the complexity of the claims, the expense of litigating these claims, the duration of any such litigation and the difficulties of collection in the event that the Trustee was successful, the Settlement Agreement, as modified, is fair, equitable and reasonable.

5. Accordingly, the court approves the Settlement Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure subject to the modification above.

6. A separate order will issue pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure.

### # # #

PREPARED AND RESPECTFULLY SUBMITTED BY:

**COX SMITH MATTHEWS INCORPORATED**

By:  /s/ Thomas Rice
       Deborah D. Williamson
       Texas State Bar No. 21617500
       Thomas Rice
       Texas State Bar No. 24025613

**ATTORNEYS FOR FORD ELSAESSER, CHAPTER 11 TRUSTEE**

2541004v.1